# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-1389

_____

Bentonville School District

*Plaintiff - Appellee*

v.

Lisa Smith, As Parent of M.S., a Minor

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: December 26, 2019
Filed: March 6, 2020
[Unpublished]

_____

Before STRAS, WOLLMAN, and KOBES, Circuit Judges.

_____

PER CURIAM.

Lisa Smith, parent of M.S., appeals the district court's[1] order reversing an Arkansas Department of Education hearing officer's final order, which found that

_____

[1]The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

Bentonville School District had violated the Individuals with Disabilities Education Act. As to Smith's claim that the district violated state regulations by changing M.S.'s disability category without a clinical diagnosis, the claim was not raised at the administrative hearing and thus it is barred as unexhausted. See Blackmon ex rel. Blackmon v. Springfield R-XII Sch. Dist., 198 F.3d 648, 655-56 (8th Cir. 1999) (where plaintiff did not raise IDEA procedural challenge for agency's determination, claim was barred for failure to exhaust administrative remedies).

We affirm the district court's orders denying Smith's motion to dismiss as moot and her motion for reconsideration of the denial, as we agree that the issues raised were capable of repetition yet evading review. See Abdurrahman v. Dayton, 903 F.3d 813, 816 (8th Cir. 2018) (de novo review of mootness issue); K.A. ex rel. F.A. v. Fulton Cty. Sch. Dist., 741 F.3d 1195, 1200-01 (11th Cir. 2013) (mootness exception applied where there was reasonable expectation that parties would continue to disagree about student's placement); Elder-Keep v. Aksamit, 460 F.3d 979, 984-85 (8th Cir. 2006) (abuse of discretion review of motions for reconsideration). We find, however, that the only other issue Smith meaningfully argues on appeal--whether M.S.'s seventh-grade Individualized Education Program (IEP) was properly implemented--is moot, and we dismiss that claim. See Nathan M. ex rel. Amanda M. v. Harrison Sch. Dist. No. 2, 942 F.3d 1034, 1046 (10th Cir. 2019) (while parties might continue to disagree about student's placement, decision on merits of his expired IEP could do nothing to avoid future conflict, so case was moot); Waters v. Madson, 921 F.3d 725, 744 (8th Cir. 2019) (issues not meaningfully argued on appeal are waived). Finally, we deny the motion for leave to file an amicus brief, as the brief addresses only issues that have been waived on appeal or are moot.

Accordingly, we dismiss in part, and affirm in part. See 8th Cir. R. 47B.

_____